UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE H. RUDY FUNERAL
HOME, INC.                                                    Case No. 22-11855

    Plaintiff,                                         Hon. F. Kay Behm
v.                                                                      U.S. District Judge

WESTFIELD NATIONAL
INSURANCE COMPANY

    Defendant.
_____/

**ORDER DENYING MOTION TO MODIFY**
**CASE MANAGEMENT ORDER (ECF No. 34)**

A.    Procedural History

On October 24, 2023, Plaintiff, George H. Rudy Funeral Home, Inc. moves this court to modify the Case Management Order. (ECF No. 34). More specifically, Plaintiff wants to reopen discovery for 90 days. *Id.*[1] Plaintiff claims that no prior extensions were granted, that Defendant does not object, and that additional time for discovery is needed because Plaintiff has named an additional expert witness, who has not been deposed. *Id*. In response, Defendant says that

---

[1] Plaintiff also asks the court to adjourn the settlement conference scheduled for November 8, 2023 until such time as the facilitation and discovery are completed. The settlement conference was already cancelled. *See* Text-Only Notice dated 10/18/23.

1

it is unaware of any new expert witness, that discovery was previously extended in this matter, and that it objects to any further extensions because it has already filed its motion for summary judgment and motions in limine. (ECF No. 35). Defendant also points out that Plaintiff failed to seek concurrence in accordance with the requirements of Local Rule 7.1. Contrary to Plaintiff's assertion, discovery was previously extended in this matter for four months and closed on July 27, 2023. (ECF No. 23). In accordance with the amended Case Management Order, Defendant filed its motion for summary judgment on September 14, 2023 and its motions in limine on September 28, 2023. (ECF Nos. 29, 32, 33).

B.  Analysis

Federal Rule of Civil Procedure 16(b)(4) provides that a court may modify a scheduling order for good cause. When a party requests to reopen discovery, the following factors matter: "[W]hether there exists good cause to reopen discovery, whether the need for additional discovery is due to the movant's neglect, and whether there exist other persuasive reasons (such as prejudice to the non-moving party) not to reopen discovery." *Brock v. Harrison*, 2015 WL 6561723, at *1 (S.D. Ohio Oct. 20, 2015) (citing *Morgan v. Gandalf, Ltd.*, 165 F. App'x 425, 431 (6th Cir. 2006)); *see also U.S. Diamond & Gold v. Julius Klein Diamonds LLC*, 2008 WL 2977891, at *11 (S.D. Ohio July 29, 2008) ("The party seeking to reopen

discovery must indicate to the court the need for more discovery, what material facts it hopes to uncover and why it has not previously discovered the information."). The Sixth Circuit has emphasized that "[t]he overarching inquiry in these overlapping factors is whether the moving party was diligent" while discovery was ongoing.  *Marie v. Am. Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014).

Plaintiff has offered no justification regarding why discovery could not be timely completed.  "Diligence lies at the core of the Rule 16(b)(4) standard" and Plaintiff offers no evidence of its diligence such that this court can find any good cause to reopen discovery months after it closed.  *Union University v. Evanston Ins. Co.*, 2022 WL 4389709, at *2 (W.D. Tenn. Sept. 22, 2022).  Plaintiff makes no meaningful attempt to satisfy the requirements of Rule 16.  In the absence of any showing of good cause, the motion must be denied.  Further, while a finding of prejudice is not necessary to justify denying Plaintiff's motion, the court finds that Defendant would suffer prejudice if discovery were reopened.  *Needler v. Coca-Cola Refreshments USA, Inc.*, 2014 WL 8275991, at *3 (W.D. Ky. Nov. 19, 2014) ("While prejudice is a factor to be considered, it is not a controlling one. The party that fails to show good cause will not be accorded relief under Rule 16(b)(4) merely because the opposing party will not suffer substantial prejudice as a result of the modification of the scheduling order.").  Reopening discovery after a

defendant has filed a motion for summary judgment nearly always presents a case for finding prejudice.  *See Union University*, at *3 (citing *Johnson v. Cathers*, 2022 WL 576401, at *3 (E.D. Ky. Feb. 25, 2022) (defendant would be "severely prejudice[d]" if the court permitted discovery to be reopened as he had already filed and briefed his motion for summary judgment), affirmed, *Johnson v. Cathers*, 2022 WL 19334566 (6th Cir. Nov. 9, 2022); *Williams v. Defenders Inc.*, 2021 WL 4896581, at *5 (W.D. Tenn. Oct. 20, 2021) (reopening of discovery prejudicial where nonmovant had already filed a motion for summary judgment believing discovery was complete)).  Reopening discovery now would unduly delay the case and cause Defendant to incur additional costs.  *See Smigelski v. Cluley*, 2022 WL 3584354, *2 (S.D. Ohio Aug. 22, 2022) (Reopening discovery after summary judgment filed "would delay the case, result in additional costs, and disturb Defendants' expectation of finality.").  For these reasons, Plaintiff's motion is **DENIED**.

In its response, Defendant asks for sanctions under Rule 11 for having to respond to Plaintiff's motion.  However, Defendant has not complied with two requirements for pursuing Rule 11 sanctions.  First, any such motion must be made separately and second, it must be served on Plaintiff without being presented to the court to allow Plaintiff 21 days to correct any challenged

4

pleading. Fed. R. Civ. P. 11(c)(2); *Saia v. Flying J, Inc.*, 2016 WL 1715196, at *4 (W.D. Tenn. Apr. 27, 2016) ("Rule 11(c)(2) provides a 'safe harbor' which requires a party seeking sanctions for violations of Rule 11 to make a separate motion and 'describe the specific conduct alleged to violate subdivision (b).'") (quoting Rule 11(c)(2)). For these reasons, Defendant's request for Rule 11 sanctions is **DENIED** without prejudice.

    **SO ORDERED**.

Date: November 29, 2023                      s/F. Kay Behm
                                                      F. Kay Behm
                                                      United States District Judge