UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE H. RUDY
FUNERAL HOME, INC.,

      Plaintiff,

v.

WESTFIELD NATIONAL
INSURANCE COMPANY,

      Defendant.
_____/

Case No. 2:22-cv-11855

Honorable Susan K. DeClercq
United States District Judge

**OPINION AND ORDER GRANTING IN PART DEFENDANT'S MOTION *IN LIMINE* (ECF No. 32), GRANTING DEFENDANT'S MOTION TO EXCLUDE EXPERT WITNESSES (ECF No. 33), GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 29), AND DISMISSING CASE WITH PREJUDICE**

This straightforward case is about an insurance dispute following a rainstorm. Plaintiff George H. Rudy Funeral Home believes that its insurer, Defendant Westfield National Insurance, wrongfully denied coverage for damage caused by the storm. The core facts are undisputed: Stay Dry, a roofing company that Plaintiff hired, inadequately secured tarps over the roof during a reroofing project, leading to rainwater infiltrating the building. Plaintiff seeks to recover for the resulting damages, while Defendant relies on policy exclusions to deny the claim.

The issues presented are threefold: Defendant's motions to preclude Plaintiff from presenting certain evidence, to exclude expert-witness testimonies, and for

summary judgment. As explained below, Defendant's motion for summary judgment will be granted, and the case will be dismissed with prejudice.

## I. FACTS AND BACKGROUND

The essential facts of this case are undisputed. Plaintiff had a property-insurance policy with Defendant. A storm occurred while the roof of the funeral home was exposed and partially covered by tarps. Water leaked into and damaged the funeral home. Plaintiff filed an insurance claim, Defendant denied it, and then Plaintiff sued for monetary damages.

### A. Details of the Storm and Damage

In May 2021, Plaintiff contracted Stay Dry, a roofing company, to replace the funeral home's aging low-slope modified-bitumen roof following years of recurrent issues like ice damming and leakage. ECF Nos. 29-4 at PageID.387, 390; 29-8 at PageID.517–19; 29-9 at PageID.545-48. Stay Dry began the project on May 5, stripping the old roofing materials and leaving the existing insulation and some roof decking exposed. ECF Nos. 29-8 at PageID.527; 29-10 at PageID.550; 29-11 at PageID.552. By May 19, Stay Dry had removed approximately half the roof's insulation. *See* ECF Nos. 29-8 at PageID.536–37; 29-12 at PageID.554; 29-13 at PageID.556–59. The project was not completed by the weekend of May 22–23, 2021, so Stay Dry temporarily covered the exposed insulation with unadhered and unsealed bitumen roofing material and unsecured tarps. *See* ECF Nos. 29-14 at

PageID.561–65; 29-15 at PageID.567–71.

On the evening of May 23, 2021, a rainstorm struck. ECF No. 29-4 at PageID.400. The following morning, Plaintiff's representatives, Kathy and Dennis Novak, discovered that the tarps had been blown off, resulting in rainwater leaking into the building. *See id.* at PageID.387–92. Kathy Novak attributes the damage to wind dislodging the tarps. *Id.* at PageID.405.

Stay Dry's crew returned but left the site upon learning of the leakage, and Plaintiff did not hear from them again. ECF No. 29-8 at PageID.517–18. Plaintiff next hired Jarvis Restoration for emergency repairs, *id.* at PageID.521, but they were unsuccessful, ECF No. 29-4 at PageID.398, so Plaintiff hired Socia Roofing, ECF No. 29-16 at PageID.574. Socia Roofing observed no wind damage and concluded that Stay Dry "did not properly or complete installing the roofing materials." ECF No. 29-16 at PageID.574–75.

Plaintiff reported the loss to Defendant on May 24, 2021. ECF No. 1 at PageID.7. One of Defendant's representatives inspected the roof on June 3, 2021, finding no evidence of wind damage or physical damage caused by debris. ECF Nos. 29-5 at PageID.410; 29-24 at PageID.608–10. As a result, Defendant denied Plaintiff's insurance claim, citing the policy's exclusion for interior rainwater damage that lacks any direct physical loss to the roof. ECF No. 29-24 at PageID.608–10.

## B. The Complaint

In June 2022, Plaintiff filed an amended complaint against Defendant in the Sixteenth Circuit Court of Macomb County, alleging common-law breach of contract and violations of Michigan Compiled Laws §§ 500.2006, .2833(p). ECF No. 1 at PageID.5–9; *see also George Rudy Funeral Home Inc. v. Westfield Servs.*, No. 2022-001841-ND (Mich. 16th Cir. Ct. Macomb Cnty. filed June 27, 2022). Defendant removed the case here on August 11, 2022. ECF No. 1.

Defendant contends that summary judgment is warranted because the policy exclusions for rainwater damage and faulty workmanship clearly apply. ECF No. 29 at PageID.109. Defendant argues that the tarps were not part of the permanent roof structure and therefore do not trigger coverage under the policy's terms. *Id.* at PageID.115–18. Defendant also contends that Plaintiff has failed to present evidence to dispute these points. *Id.* Plaintiff, however, responds that there are genuine issues of material fact with respect to whether the tarps were part of the roof and should be covered under the policy. *See generally* ECF No. 40. In addition, Plaintiff notes that Defendant did not initially cite the faulty-workmanship exclusion in the denial letter. *Id.* at PageID.726.

Defendant next filed a motion *in limine*, arguing that some of Plaintiff's insurance claims are irrelevant and thus inadmissible under Evidence Rule 402. ECF No. 32. During discovery, Plaintiff produced various bills and canceled checks

related to roof repairs and other services. *Id.* at PageID.664. These documents included payments made to Stay Dry, TF Beck (another roofer), Lakeview Mechanical (a heating and plumbing contractor), and Jarvis Restoration. *Id.* Plaintiff also sought reimbursement for more than $13,000 of the Novaks' reported work. *Id.* But then Kathy Novak testified that the rainwater had nothing to do with several of Plaintiff's damage claims:

- Jarvis Roof Repair Estimate ($59,474.40);
- TF Beck Payment ($1,435);
- Lakeview Mechanical Payments (four payments totaling $4,703);
- Stay Dry Payments ($10,000); and
- Novaks' Work ($13,680).

*See id.* at PageID.664–69 (quoting ECF No. 29-4 at PageID.396–404).

Defendant also filed a motion to exclude two of Plaintiff's proposed expert witnesses, Alan Deleeuw and Michael Casey, from testifying at trial because Plaintiff failed to provide the expert disclosures required under Civil Rule 26(a). ECF No. 33. Specifically, Defendant says that the disclosures lack sufficient details with respect to the experts' qualifications, opinions, and bases for their opinions. *Id.* at PageID.675. Defendant therefore invokes Civil Rule 37(c)(1). *Id.* at PageID.676.

Defendant's motion *in limine* will be addressed in Part II, Defendant's motion to exclude in Part III, and Defendant's motion for summary judgment in Part IV.

## II. MOTION *IN LIMINE*

Defendant's motion *in limine* seeks to preclude Plaintiff from presenting any

testimony or exhibits relating to seven damage claims that Plaintiff has withdrawn. ECF No. 32. Defendant contends that these withdrawn claims are irrelevant and should be excluded under Evidence Rules 401 and 402.

### A. Standard of Review

Motions *in limine* are used "to exclude anticipated prejudicial evidence before the evidence is actually offered." *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013) (quoting *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984)). Their purpose is "to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Id.* (quoting *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990)).

"Given that motions *in limine* often rely on a limited factual record, they should be granted only if 'the evidence in question is clearly inadmissible on all potential grounds.'" *Hillman Power Co. v. On-Site Equip. Maint.*, 672 F. Supp. 3d 379, 383 (E.D. Mich. 2023) (quoting *United States v. Phillips*, 146 F. Supp. 3d 837, 841 (E.D. Mich. 2015)). If not, then the "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *Id.* (same).

The threshold issue of admissibility is relevance. "[E]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R.

EVID. 401. Although relevant evidence is presumptively admissible, FED. R. EVID. 402, it may be excluded "if its probative value is substantially outweighed by the risk of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time or needless presenting cumulative evidence," FED. R. EVID. 403; *see also* Jesse Schupack, Note, *The Liar's Mark: Character and Forfeiture in Federal Rule of Evidence 609(a)(2)*, 119 MICH. L. REV. 1031, 1035 (2021) ("Much of the Federal Rules of Evidence is devoted to protecting parties from the introduction of unfairly prejudicial evidence."). "But evidence is not excluded as unfairly prejudicial merely because it is damaging to the party against whom it is offered." *Fischer v. United States*, 608 F. Supp. 3d 533, 538 (E.D. Mich. 2022). Rather, unfair prejudice is "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief v. United States*, 519 U.S. 172, 180 (1997).

### B. Analysis of the Motion *in limine*

Defendant argues that any "testimony and evidence related to" the seven withdrawn damage claims have no bearing on the substantive issue of whether the rainwater damage is covered under the insurance policy and, therefore, should be excluded from trial as irrelevant. ECF No. 32 at PageID.663. Plaintiff initially presented these claims as part of their insurance demand, but later admitted through the testimony of Kathy Novak that these claims were either not incurred or unrelated

to the insured event. *See* discussion *supra* Section I.B.

Testimony that addresses the withdrawn claims is probative of the credibility of Plaintiff's representatives. Evidence Rule 608(b) permits cross-examination into specific instances of conduct probative of the witness's character for truthfulness or untruthfulness. *United States v. Craig*, 953 F.3d 898, 903 (6th Cir. 2020) ("[T]he questioner [must] ha[ve] a good faith basis that the instance actually occurred."). Plaintiff included the withdrawn claims in its initial demand—only to retract them later—raising questions about Plaintiff's credibility. Although the withdrawn damage claims are not directly related to the substantive issues of the insurance-policy coverage, they are conditionally relevant to assessing the credibility of Plaintiff's representative. *See* FED. R. CIV. P. 104(b). If Plaintiff's credibility becomes an issue during the trial, then testimony regarding the withdrawn claims might be probative. Thus, Defendant's motion to exclude this *testimony* is premature.

But any *evidence* related to the withdrawn claims would be extrinsic and thus inadmissible. *United States v. McKenzie*, No. 21-3587, 2022 WL 1744500, at *3 (6th Cir. May 31, 2022) (holding that district court properly excluded extrinsic evidence and permitted cross-examination about it).

"In other words, while such specific instances of conduct can be inquired into on cross-examination, the questioning party is effectively 'stuck with the response

given on cross-examination.'" *Steeg v. Vilsack*, No. 5:13-CV-00086, 2016 WL 6471098, at *3 (W.D. Ky. Oct. 28, 2016) (quoting *United States v. Frost*, 914 F.2d 756, 767 (6th Cir. 1990)). And Defendant has provided only conclusory statements with respect to unfair prejudice, confusion, etc. *See* ECF No. 32 at PageID.670.

For these reasons, Defendant's motion *in limine* will be granted in part and denied in part, excluding all extrinsic evidence—but not any testimony—related to the withdrawn claims; the testimony may be considered if Plaintiff's credibility is questioned during trial.

### III. MOTION TO EXCLUDE EXPERT WITNESSES

Next is Defendant's motion to exclude the opinion testimony of two of Plaintiff's proposed expert witnesses: Alan Deleeuw and Michael Casey. ECF No. 33. Defendant argues that Plaintiff has failed to provide the necessary expert disclosures required under Civil Rule 26(a). As explained below, Defendant's motion will be granted, and both experts will be prohibited from testifying at trial.

#### A. Standard of Review

At some point in a civil lawsuit, parties must disclose the identity of any expert witness and provide a written report prepared and signed by the expert. *See* FED. R. CIV. P. 26(a) This report must include a complete statement of all opinions the witness will express and the basis and reasons for them, the data or other information that the witness considered in forming them, any exhibits that will be used to

summarize or to support them, the witness's qualifications, a list of all publications authored within ten years, a list of all other cases in which the witness has testified as an expert at trial or by deposition in the previous four years, and a statement of the compensation to be paid for the study and testimony in the case. *Id.*

Failure to comply with these disclosure requirements prohibits use of the expert's testimony in "a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *Miner v. Ogemaw Cnty. Rd. Comm'n*, 594 F. Supp. 3d 912, 925 (E.D. Mich. 2022) (quoting FED. R. CIV. P. 37(c)(1)). The exclusion is "automatic and mandatory" unless the nondisclosing party demonstrates substantial justification or that the failure to disclose was harmless. *Dickenson v. Cardiac & Thoracic Surgery of E. Tenn.*, 388 F.3d 976, 983 (6th Cir. 2004) (citation omitted).

Five factors, applied below, govern this inquiry. *Trapp v. Fed. Express Corp.*, 647 F. Supp. 3d 567, 570 (E.D. Mich. 2022) (quoting *Howe v. City of Akron*, 801 F.3d 718, 747–48 (6th Cir. 2015)).

### B. Analysis of the Motion to Exclude Expert Witnesses

Plaintiff has identified Alan Deleeuw and Michael Casey as expert witnesses, requiring certain disclosures under Civil Rule 26(a). This Court directed Plaintiff to exchange its expert disclosures and reports by June 15, 2023. ECF No. 23 at PageID.71. But Plaintiff did not comply with this deadline, nor did it attempt to

justify the failure. This alone warrants exclusion, but for the sake of completeness, this Court will consider the required factors.

*Surprise to Defendant*. Plaintiff did not disclose expert reports for Deleeuw or Casey as required under Rule 26(a). This nondisclosure has indeed surprised Defendant, which is still left without critical information regarding the experts' qualifications, opinions, and prior testimonies, which is fundamental to preparing an effective defense. So this factor favors exclusion. *See Trapp*, 647 F. Supp. 3d at 570.

*Ability to cure the surprise and to disrupt trial*. A cure is possible. The lack of timely disclosure has deprived Defendant of the opportunity to conduct depositions, seek rebuttal experts, or prepare a comprehensive cross-examination strategy. But there is no scheduled trial date, slightly quelling the prejudice to Defendant. For the same reasons, there is no current potential to disrupt trial. Thus, these two factors are neutral. *See id.*

*Importance of the evidence*. The expert testimony is important for substantiating Plaintiff's claims and for Defendant to defend against them, meaning this factor weighs for exclusion. *See id.*

*Explanation for failure to disclose*. Plaintiff has not provided a justification for the nondisclosure. Given Defendant's complete lack of "information about [the experts'] qualifications, opinions, and the bases for such opinions," Plaintiff's failure to disclose is dispositive; the experts must be excluded. *RJ Control Consultants, Inc.*

*v. Multiject, LLC*, No. 23-1591, ---- F.4th ----, 2024 WL 1432723, at *7 (6th Cir. Apr. 3, 2024) (citing *Howe*, 801 F.3d at 747).

For these reasons, Defendant's motion to exclude will be granted, and Plaintiffs will be prohibited from providing testimony from expert witnesses Alan Deleeuw or Michael Casey in a motion, at a hearing, or at a trial.

## IV. MOTION FOR SUMMARY JUDGMENT

### A. Standard of Review

To prevail on summary judgment, movants must identify record evidence showing that there is no genuine dispute as to any material fact and that they are entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); FED. R. CIV. P. 56(a). If so, then the burden shifts to the nonmovant to identify specific facts that create "a genuine issue for trial," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (citation omitted), which requires more than "a mere scintilla of evidence," *id.* at 251, more than "metaphysical doubt," *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). All inferences must be reasonable, logical, and drawn in the nonmovant's favor to determine whether any party must prevail as a matter of law. *Liberty Lobby*, 477 U.S. at 251–52.

### B. Analysis of Motion for Summary Judgment

Defendant contends that the policy's exclusions for rainwater damage and

faulty workmanship preclude coverage. ECF No. 29.

"Michigan's substantive law applies because jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332." *Pratt v. KSE Sportsman Media, Inc.*, 586 F. Supp. 3d 666, 671 (E.D. Mich. 2022) (collecting cases).

In Michigan, "an insurance contract must be enforced in accordance with its terms." *Henderson v. State Farm Fire & Cas. Co.*, 596 N.W.2d 190, 193 (Mich. 1999). The policy's terms "must be given their plain meaning[,] and the court [may] not create an ambiguity where none exists." *Heniser v. Frankenmuth Mut. Ins.*, 534 N.W.2d 502, 505 (Mich. 1995) (internal quotation marks omitted). Although "[e]xclusionary clauses in insurance policies are strictly construed in favor of the insured," *Auto-Owners Ins. v. Churchman*, 489 N.W.2d 431, 434 (Mich. 1992) (citation omitted), "[a] clear and specific exclusion must be given effect," and "coverage is lost" "[i]f any exclusion in [the] insurance policy applies to [the] claimant's particular claims," *Busch v. Holmes*, 662 N.W.2d 64, 67 (Mich. Ct. App. 2003) (citing *Churchman*, 489 N.W.2d 431). "[T]he 'insured bears the burden of proving coverage, while the insurer must prove that an exclusion to coverage is applicable.'" *Heniser*, 534 N.W.2d at 505 n.6 (citation omitted).

The policy's text is clear and unambiguous: rainwater damage is covered only if the roof "first sustains damage by a Covered Cause of Loss." ECF No. 29-2 at PageID.158–59 (defining "Covered Causes Of Loss" as "Direct physical loss unless

the loss is excluded or limited under Section I – Property"). But it is undisputed that the storm did not damage the roof; only the temporary materials, not the roof itself, were dislodged. ECF No. 29 at PageID.109. Further, the temporary materials were not part of the covered "roof." *Matthews v. Harleysville Ins.*, 412 F. Supp. 3d 717, 718 (E.D. Mich. 2019) (excluding coverage from identical insurance-policy provision because the temporary "repair was a 'band-aid'"), *aff'd sub nom. Matthews v. Harleysville Ins.*, 826 F. App'x 508 (6th Cir. 2020). Not even the "roofing materials to be installed were damaged." *Id.* at PageID.122 (citing ECF Nos. 29-6; 29-16; 29-17). Accordingly, the policy does not cover Plaintiff's claimed loss. *Christ Church of the Gospel Ministries v. Guideone Mut. Ins.*, No. 2:19-CV-11208, 2019 WL 6134793, at *3 (E.D. Mich. Nov. 19, 2019) (denying coverage because "the repairs being done on the roof caused water to enter").

Even under a contorted interpretation of the policy that somehow provides coverage for a tarp over a hole in a roof that was not present when the policy was executed, the policy excludes coverage for losses caused by faulty workmanship. ECF No. 29-2 at PageID.179. As one of Plaintiff's contractors concluded, Stay Dry's inadequate securing of the tarp was faulty workmanship, causing the water damage. ECF No. 29-16 at PageID.574–75. Kathy Novak testified to the same, *see* ECF No. 29-4 at PageID.405 ("The roof was damaged because the covering blew off which allowed water to enter into the building."), and Dennis Novak testified that he was

told "not [to] trust [a temporary covering] for more than, they said, a couple days, [and to] get somebody in here that's a roofer to put what they termed a temporary roof on it," ECF No. 29-8 at PageID.525. Because the rainwater damage resulted directly from inadequate workmanship in securing the tarps, this exclusion applies. *See, e.g.*, *Matthews*, 412 F. Supp. 3d at 723 ("The evidence also shows that the roof had not been properly maintained.").

Plaintiff has failed to present any evidence to refute this conclusion. Without affidavits, expert opinions, or other substantive evidence to challenge Defendant's arguments, no reasonable jury could find for Plaintiff. Therefore, Defendant's motion for summary judgment will be granted, and the case will be dismissed with prejudice.

No doubt, the damage to Plaintiff's funeral home is distressing. Such incidents can take an emotional and financial toll on a business. But the policy's exclusions for rainwater damage and faulty workmanship are clear—and thus controlling under Michigan law.

## V. CONCLUSION

Accordingly, it is **ORDERED** that Defendant's Motion *in limine*, ECF No. 32, is **GRANTED IN PART AND DENIED IN PART**. It is **GRANTED** to the extent that is seeks to exclude extrinsic evidence of the withdrawn insurance claims. It is **DENIED** to the extent that it seeks to exclude testimony discussing the

withdrawn insurance claims.

Further, it is **ORDERED** that Defendant's Motion to Preclude Plaintiff from Offering Expert Opinions from Alan Deleeuw and Michael Casey, ECF No. 33, is **GRANTED**.

Further, it is **ORDERED** that Defendant's Motion for Summary Judgment, ECF No. 29, is **GRANTED**.

Further, it is **ORDERED** that the above-captioned case is **DISMISSED WITH PREJUDICE**.

**This is a final order and closes the above-captioned case**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: 5/31/2024